IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASSIDY GREEN, #R42965,<br><br>        Plaintiff,<br><br>v.<br><br>C. WALL,<br><br>        Defendant. | Case No. 20-cv-01078-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

On October 13, 2020, Plaintiff Green commenced this case pursuant to 28 U.S.C. § 1983 alleging that his constitutional rights were violated in 2019 when he was denied medical treatment after being exposed to excessive smoke from a fire ignited by other inmates. (Doc. 1).[1] This matter is before the Court on a motion for reconsideration filed by Green. (Doc. 17). On December 11, 2020, Green filed a motion requesting a preliminary injunction and temporary restraining order. (Docs. 13, 14). In the motion, Green alleged that since filing the Complaint, he has been subjected to harassment and further constitutional deprivations by staff at Pinckneyville Correctional Center ("Pinckneyville"). Because the relief requested and the claims regarding recent retaliation alleged in the motion were not of the same character sought in the Complaint, the Court denied the motion. (Doc. 15). Green has now filed a motion asking the Court to reconsider his request for a preliminary injunction and temporary restraining order and to recruit counsel on his behalf. (Doc. 17).

---

[1] The Complaint is awaiting preliminary review pursuant to 28 U.S.C. § 1915A, and Defendant Wall has not yet been served.

**REQUEST FOR RECONSIDERATION**

In his motion, Green does not dispute the Court's finding that the claims and requests for relief in his motion for preliminary injunction and temporary restraining order are not of the same character or subject matter of his Complaint. (Doc. 17, p. 12). Rather, he asks the Court to construe his request for emergency injunctive relief liberally and states that to file a new case asserting additional claims would only be impractical and burden the Court, when an injunction would "curtail further constitutional rights deprivations." (*Id.* at pp. 5, 12).

Under Federal Rule of Civil Procedure 54(b), the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Green has not demonstrated any manifest error of law or fact that would undermine the Court's previous decision in denying his request for emergency injunctive relief. The purpose of an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). *See also University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981) (stating that the main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held"). There must be a "relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir.

2015) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). *See also Hardy v. Rauner*, 17-cv-1354-NJR-DGW, 2018 WL 5914819, at *3 (S.D. Ill. Aug. 29, 2018). Furthermore, "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). Not only is there no connection between the unlawful actions alleged in the Complaint and the claim for emergency injunctive relief, but Green is seeking relief from retaliatory conduct committed by individuals who are not parties to this action. The Court has no jurisdiction to enter an injunction in such a situation, and the request for reconsideration is denied. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F. 3d 796, 800 (7th Cir. 2014) (noting that "[i]n order for the district court's preliminary injunction to be valid, the court had to have personal jurisdiction over the defendant"); *Bird v. Barr*, 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (stating that without "a connection between the claim and requested injunction, there is simply no jurisdictional basis for the court grant preliminary relief" (citations omitted)).

## REQUESTS FOR COUNSEL

On October 23, 2020, Green filed a motion for recruitment of counsel (Doc. 8) and again seeks court recruited counsel in his motion for reconsideration. Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Green states that he has attempted to contact a number of attorneys to take his case through

handwritten correspondence but with no success. (Doc. 8, p. 1). He has included with the motion for recruitment of counsel declination letters from six different firms and therefore, has demonstrated reasonable efforts to obtain counsel on his own. Nonetheless, the Court still finds that Green is capable of proceeding *pro se* at this time. Green indicates that he is unable to represent himself because of the administrative quarantine at Pinckneyville due to the COVID-19 pandemic, lack to access to research materials, and being confined to his cell for over twenty-two hours a day. (*Id.*). Despite these obstacles, Green has filed a Complaint and several motions that are clearly written and contain statutory citations as well as citations to case law in support of his arguments. He has some college education, and there is no indication that he is not competent to try this matter without representation at this early stage. Accordingly, his requests for counsel are denied without prejudice.

## CONCLUSION

The requests for recruitment of counsel are **DENIED without prejudice**. (Docs. 8, 17). The Motion for Reconsideration is also **DENIED**. (Doc. 17).

**IT IS SO ORDERED.**

**DATED:   January 4, 2021**

　　　　　　　　　　　　　　　　　　　　　*s/Stephen P. McGlynn*
　　　　　　　　　　　　　　　　　　　　　**STEPHEN P. MCGLYNN**
　　　　　　　　　　　　　　　　　　　　　**United States District Judge**