IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASSIDY GREEN, #R42965, <br><br>            Plaintiff, <br><br> v. <br><br> C. WALL, <br><br>            Defendant. | Case No. 20-cv-01078-RJD |

# MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

Plaintiff Cassidy Green, an inmate at the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He claims that he was denied medical attention for smoke exposure after inmates in his housing unit started a fire. Green seeks monetary relief and a transfer to another facility.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be

---

[1] The Court has jurisdiction to screen the Complaint in light of Green's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Green alleges the following: On or around October 6, 2019, inmates housed in Green's housing unit, house 5 of wing C, started a fire in their cell. (Doc. 1, p. 16). The fire went unattended for ten minutes before Lieutenant Wall took notice. The smoke from the fire "billowed" out into cells located on the same wing and was suffocating and overwhelming. (*Id.*). It took another five to ten minutes for correctional officers, including Lieutenant Wall, to extinguish the fire. (*Id.* at p. 17). Green was confined in a nearby cell, and "the effects of extinguishing the flames became suffocating and nearly [unbearable]" for him. (*Id.*). Green yelled to Lieutenant Wall that he could not breathe and needed medical attention. Lieutenant Wall ignored Green and left the housing unit. (*Id.*). Green was left in his cell experiencing bouts of coughing, shortness of breath, dizziness, nausea, light-headedness, and headache due to the smoke from the fire and the chemical agent used to extinguish the flames. (*Id.* at p. 18). Additionally, the effects of the smoke and chemical agent were amplified by the poor ventilation system in the cells and the metal enclosures on the outside windows, which obstruct clean fresh air from entering the cell. (*Id.*). Green's cell was also not equipped with a call button so that he could notify additional staff that he was in need of medical attention. (*Id.* at p. 19).

### DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to

designate the following Count:

> **Count 1:** Eighth Amendment claim of deliberate indifference against Lieutenant Wall for disregarding Green's cries for medical attention on or around October 6, 2019.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the Twombly pleading standard.**

Green's allegations that he told Lieutenant Wall that he could not breathe and needed medical attention and that his requests were denied are sufficient for Count 1 to survive screening. *See Gutierrz v. Peters,* 111 F. 3d 1364, 1369 (7th Cir. 1997) (discussing the elements of an Eighth Amendment claim for deliberate indifference to a serious medical need).

## DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives screening pursuant to Section 1915A. **Count 1** shall proceed against **Lieutenant Wall**. In light of this Order, the motion requesting status of the case is **DENIED as moot**. (Doc. 20).

The Clerk of Court shall prepare for **Lieutenant Wall** the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Green. If Defendant fails to sign and return the Waiver of Service of

Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Green, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**Pursuant to Administrative Order No. 244, Defendant needs only respond to the issues stated in this Merit Review Order.** Defendant is **ADVISED** that the Court does not accept piecemeal answers.

If judgment is rendered against Green, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Green is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in

dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 4, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.