IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASSIDY GREEN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No.   20-cv-1078-RJD |
| | ) |
| CHAD WALL, | ) |
| | ) |
|    Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File Amended and Supplemental Pleadings (Doc. 34), Motion to Take Administrative and Judicial Notice (Doc. 39), Motion for Leave to Include Additional Injunctive Relief as It Relates to Said Claim (Doc. 40), and Motion for Recruitment of Counsel (Doc. 42).   For the reasons set forth below, Plaintiff's motions are **DENIED**.

**Background**

Plaintiff Cassidy Green, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville").   More specifically, Plaintiff alleges there was a fire in his cellhouse and he was made to wait for assistance and, when it arrived, he was denied medical treatment by Lt. Wall.

Plaintiff's complaint was screened under 28 U.S.C. § 1915A, and he was allowed to proceed on an Eighth Amendment deliberate indifference claim against Wall for disregarding Plaintiff's cries for medical attention related to the fire that occurred on or around October 6, 2019.

**Motion for Leave to Amend (Doc. 34)**

In the motion now before the Court, Plaintiff asserts he should be allowed to amend and name three John Doe defendants and one Jane Doe defendant. Plaintiff makes an argument that because he was not assigned counsel to represent him in this matter, the Court should have ordered their disclosure. Plaintiff also asserts he sought to grieve the issues in the complaint, but officials failed to adequately address the issue.

Based on a review of Plaintiff's proposed amended complaint, it appears Plaintiff seeks to add Travis Bayler, S. Mercier, and Scott Thompson as defendants. These individuals are named in the caption of the proposed amended pleading. Plaintiff also alleges Scott Thompson, the Warden at Pinckneyville, denied and/or returned Plaintiff's emergency grievance finding an emergency was not substantiated. Plaintiff further alleges that S. Mercier recommended that his grievance be denied, relying on the incident report concerning the fire that stated all offenders who requested medical evaluation were treated by medical. Plaintiff alleges he was not treated, in contravention of Mercier's finding. Plaintiff alleges Baylor denied the grievance finding it was appropriately addressed by the facility administration. According to Plaintiff, "state actors" worked in concert to deprive him of his constitutional rights.

With regard to the John/Jane Doe defendants, Plaintiff does not identify them in the caption of his complaint. However, Plaintiff alleges John Does 1-3 took ten minutes to respond to the fire in his cellhouse. Plaintiff alleges the John Does, along with Defendant Wall, worked to extinguish the flames, and in doing so, caused Plaintiff to have difficulty breathing. Plaintiff alleges he called out to Defendant Wall, but was unaware of the names of John Does 1-3 because they were outfitted in riot gear with helmets. Plaintiff alleges John Does 1-3 disregarded his safety and wellbeing regarding the health threat posed by this incident. Plaintiff further alleges

Page **2** of **8**

that Nurse Jane Doe and Nurse Brittany (who is not specifically identified as a defendant) walked on his housing unit asking if anyone needed medical, but ignored Plaintiff's requests for the same. In his complaint, Plaintiff asserts the John and Jane Doe defendants' identities may be unveiled during discovery.

## Legal Standard

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

## Discussion

Plaintiff's proposed amended complaint is neither unduly delayed nor brought with any apparent dilatory motive. The Court, however, must determine whether the claims Plaintiff seeks to bring are futile.

A review of the allegations against Travis Bayler, S. Mercier, and Scott Thompson do not

state a claim under § 1983. Although a prison official may be held liable under § 1983 for failing to respond to violations of a prisoner's constitutional rights that come to his attention via the grievance process, *see Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996), merely ruling against a prisoner on a grievance does not impute liability to a prison official. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). In this instance, there is no indication in the allegations against Bayler, Mercier, or Thompson that they ignored or otherwise failed to respond to any grievance. Plaintiff merely complains of the statements made in responding to the grievance, and disagrees with the outcome. Plaintiff shall not be allowed to amend his complaint to add allegations against Bayler, Mercier, or Thompson.

With regard to the John and Jane Doe Defendants, when parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* Fed. R. Civ. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Here, Plaintiff has not listed any of the John or Jane Defendants in the caption. Accordingly, he shall not be allowed to amend his complaint to add allegations against these unidentified individuals.

For the above-mentioned reasons, Plaintiff's Motion for Leave to File Amended and Supplemental Pleadings (Doc. 34) is **DENIED**.

## Motion to Take Administrative and Judicial Notice (Doc. 39)

In this motion, Plaintiff makes general claims about incidents at Pinckneyville he believes are retaliatory in nature, asserting Defendant Wall has been involved in the same. More specifically, Plaintiff asserts Wall assigned a violent offender to Plaintiff's cell and Plaintiff was

Page **4** of **8**

assaulted. Plaintiff engages in various hypotheticals regarding Wall's knowledge or intent in placing this cellmate with Plaintiff. Plaintiff also asserts Defendants named in the complaint control every aspect of his day-to-day life and can read court pleadings.

Plaintiff asks that a preliminary injunction be issued, that he be transferred to a new location, and that he be appointed counsel as a "necessary protective device."

Insofar as Plaintiff's motion seeks preliminary injunctive relief, the Court denies the same. A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, the plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

If the plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* Additionally, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Notably, the main purpose of a preliminary injunction is "to preserve the relative positions

of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit.  *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").  *See also Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (there must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally.").

The allegations set forth in Plaintiff's motion are not related to the claims in this lawsuit. Although Plaintiff asserts Defendant Wall has engaged in retaliatory conduct, his claims are unrelated to the allegations against Wall in this case, which are limited to the fire in Plaintiff's cellhouse and his request for medical treatment related thereto.  Further, although Plaintiff asserts he was assaulted, there is no indication that Plaintiff has had any recent encounters (and it is not clear when this assault took place).  At most, Plaintiff may have a generalized fear of future assault.  This is insufficient to warrant preliminary injunctive relief.  Plaintiff's motion is **DENIED**.

### Motion for Leave to Include Additional Injunctive Relief as It Relates to Said Claim (Doc. 40)

In this motion, Plaintiff asks for leave to include additional injunctive relief related to his claim, including: (1) installation of working smoke detectors and fire alarms throughout the

facility's housing units; (2) installation of cell call buttons to notify or alert staff of issues, problems, or concerns; (3) stationing staff inside the housing unit wings in order to immediately respond to emergencies; (4) installation of additional housing unit surveillance cameras; (5) additional installation of working and up-to-date fire extinguishers; (6) installation of an adequate ventilation system; (7) routine cleaning of dust from the cell "vents"; (8) removal of outside metal enclosures from cell windows to allow fresh outside air to enter the cells without obstruction; (9) installation of cell "call" and "alert" button, which would allow staff and inmates an opportunity to communication directly; (10) implement quarterly fire drills; (11) distribution of informational and educational literature and material relating to fire safety and prevention; and (12) conduct random, unannounced inspections from the fire marshal.

Under SDIL-LR 15.1, a proposed amendment to a pleading or amended pleading itself must be submitted with a motion to amend a pleading. As such, Local Rule 15.1 does not allow for amendment of a pleading by interlineation and the amended complaint must stand on its own without reference to any document Plaintiff may have filed earlier. In this instance, Plaintiff did not provide the Court with a proposed amended complaint. Rather, he merely recites the injunctive relief he seeks. The Court also notes there is no defendant currently named that could carry out any injunctive relief that would be ordered. If Plaintiff seeks to amend his complaint and include requests for injunctive relief, he should correct these errors. Plaintiff's Motion for Leave to Include Additional Injunctive Relief (Doc. 40) is **DENIED**.

**Motion for Recruitment of Counsel (Doc. 42)**

Plaintiff again asks the Court to recruit him counsel to represent him in this matter, citing his below-average intelligence and his upcoming parole date. Plaintiff asserts that he will be paroled to "Chicagoland" and that will create significant hurdles to overcome as he is

impoverished and it will be difficult for him to travel from Chicago to East St. Louis for court.

Although the Court is mindful of Plaintiff's assertion regarding his intelligence and learning-related disabilities, the Court has reviewed Plaintiff's filings in this matter and finds that he can read, write, and understand English.  More importantly, Plaintiff has demonstrated his ability to cogently set forth his claims, seek relief, and follow the Court's directions.  Further, while the Court acknowledges Plaintiff's concerns regarding litigating while paroled, this circumstance is not unique to Plaintiff and does not necessarily warrant recruitment of counsel.  The Court notes that any travel to the courthouse will be limited, and the Court can make reasonable accommodations in scheduling court appearances around Plaintiff's schedule.  For these reasons, Plaintiff's Motion for Recruitment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 6, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**