IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASSIDY GREEN, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-1078-RJD |
| ) | |
| CHAD WALL, et al., ) | |
| ) | |
|    Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

   This matter is before the Court on the Motion to Set Aside Clerk's Default filed by Defendants Brittany Fortag and Kelly Patton (Doc. 84). For the reasons set forth below, Defendants' Motion is **GRANTED**.

Plaintiff, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center. Plaintiff is proceeding on the following claims, as set forth in his First Amended Complaint:

> Count One: Eighth Amendment claim of deliberate indifference against Lieutenant Wall, Officer Damron, Sgt. Groves, and C/O Kirkman for disregarding Plaintiff's requests for medical attention on or around October 6, 2019.
>
> Count Two: Eighth Amendment claim of deliberate indifference against Nurse Brittany Fortag and Nurse K. Patton for ignoring Plaintiff's requests for medical treatment on or around October 6, 2019.

(*See* Docs. 49, 61).

A request for waiver of service was sent to Nurse Brittany on August 26, 2021 (Doc. 52). The waiver was returned executed on September 7, 2021, and Nurse Brittany's answer was due on

October 25, 2021 (Doc. 53).   No answer was filed.   A request for waiver of service was sent to K. Patton on October 22, 2021 (Doc. 62).   A second request for waiver of service was sent to K. Patton on November 2, 2021 (Doc. 63). The second waiver was returned executed by K. Patton on December 23, 2021 and her answer was due on January 3, 2022 (Doc. 71).   No answer was filed.   A clerk's entry of default against Defendants Brittany Fortag and K. Patton was entered on March 23, 2022 (Doc. 81).

Defendants filed the motion now before the Court on March 29, 2022 (Doc. 84).   In the motion to set aside, Defendants explains that by inadvertent mistake, upon executing the waivers of service, said waivers were not transmitted to the individuals responsible for notifying counsel.   Thus, a responsive pleading was not timely filed due to an unintentional oversight to notify the appropriate individuals.   Upon learning of the error and the default entered on March 23, 2022, undersigned counsel was immediately assigned and filed notices of appearance on March 29, 2022 (Docs. 82 and 83).   Defendants assert their failure to file a responsive pleading was not done in bad faith and no party will be prejudiced if default is set aside as no discovery schedule has been entered, no trial date set, and no substantive discovery undertaken.

Plaintiff filed a response to Defendants' motion asserting Defendants recklessly disregarded multiple orders of the undersigned and acted in bad faith (Doc. 87).   Plaintiff asserts Defendants are unable to show that good cause existed for the default, that Defendants took quick corrective action, or that a meritorious defense to the complaint exists.

Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for good cause.   The Seventh Circuit has remarked that in order to vacate an entry of default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint."   *Cracco v. Vitran Express., Inc.*, 559 F.3d 625,

630-31 (7th Cir. 2009) (internal quotations omitted).

Here, the Court finds that Defendants have shown good cause for their default. Defendants explain they reasonably relied on a colleague to transmit their waivers to the Court and to the necessary individuals for the assignment of counsel. While the waivers were sent to the Court, by unintentional error they were not forwarded to counsel. Defendants also acted quickly in seeking to correct the mistake, having counsel file a notice of appearance and a motion to set aside default less than one week after the Clerk's entry of default was entered. Finally, the Court finds that denying Defendants' Motion to Set Aside Clerk's Default would undermine the notion that cases should be decided on the merits.

For these reasons, Defendants' Motion to Set Aside Clerk's Default (Doc. 84) is **GRANTED**. The Clerk's entry of default entered against Brittany Fortag and K. Patton (Doc. 81) is **VACATED**.

Defendants shall file their answers to Plaintiff's complaint by **August 15, 2022**. Following the filing of Defendants' answers, an amended scheduling order will be entered.

**IT IS SO ORDERED.**

**DATED: July 14, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
