IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASSIDY GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   20-cv-1078-RJD |
| ) | |
| CHAD WALL, DAVID MITCHELL, ) | |
| BRITTANY FORTAG, KELLEY PATTON, ) | |
| OFFICER DAMRON, SGT. GROVES, and ) | |
| C/O KIRKMAN, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Fortag and Patton (Doc. 94).   For the reasons set forth below, the Motion is **GRANTED**.

**Background**

Plaintiff Cassidy Green, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center.   Plaintiff alleges there was a fire in his cellhouse and he was made to wait for assistance and, when assistance arrived, he was denied medical treatment.   Plaintiff proceeds on the following claims set forth in his First Amended Complaint (*see* Docs. 51, 61):

> Count One:   Eighth Amendment claim of deliberate indifference against Lt. Wall, Officer Damron, Sgt. Groves, and C/O Kirkman for disregarding Plaintiff's requests for medical attention on or around October 6, 2019.

Page **1** of 6

Count Two:   Eighth Amendment claim of deliberate indifference against Nurse Fortag and Nurse Patton for ignoring Plaintiff's requests for medical treatment on or around October 6, 2019.

In their motion now before the Court, Defendants Fortag and Patton assert Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit against them. In support of their argument, Defendants explain that Plaintiff alleges that subsequent to the fire that started in his wing on October 6, 2019, he sought medical treatment from Defendants Patton and Fortag, but his requests were ignored. Following this incident, on October 19, 2019, Plaintiff filed an emergency grievance addressing the fire incident that occurred on October 6, 2019. In this grievance, Plaintiff complains that he was denied access to medical treatment despite being exposed to smoke, and specifically states that Lt. Wall was deliberately indifferent to his request for medical treatment and that Wall failed to take necessary measures to ensure Plaintiff's safety (*see* Doc. 95-2). The Chief Administrative Officer ("CAO") found an emergency was not substantiated and directed Plaintiff to submit this grievance in the normal manner.

The counselor received this grievance on November 15, 2019, and responded on December 3, 2019. The Grievance Officer received this grievance on December 9, 2019, and recommended that it be denied on January 21, 2020. The ARB received this grievance on February 18, 2020, and denied it on February 19, 2020, finding it was appropriately addressed by the facility administration.

Plaintiff filed a response to Defendants' motion. In his response, Plaintiff includes general references to his attempts to exhaust. More specifically, Plaintiff asserts he "attempted to exhaust any and all available administrative remedies" and was transferred to Stateville NRC from Pinckneyville "shortly thereafter." Plaintiff also asserts Defendants failed to demonstrate he failed to exhaust his administrative remedies and that there remains a genuine dispute of material

fact. Plaintiff makes no mention of any specific grievances he filed or attempted to file, and also fails to address the October 19, 2019 grievance cited by Defendants.

### Legal Standards

*Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on

the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).  "[A]ll dismissals under § 1997e(a) should be without prejudice."  *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved.  20 ILL. ADMIN. CODE § 504.810(a).  If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances."  *Id*. §504.830(e).  The CAO then advises the inmate of a decision on the grievance.  *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision.  *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).  The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.  20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer.  *Id.* § 504.840.  If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender.  *Id.*  Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody,

psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility.  *Id.* at § 504.870.

## Discussion

Based on the record before the Court, and after consideration of the parties' arguments, the Court finds Plaintiff failed to exhaust his administrative remedies as to Defendants Fortag and Patton prior to filing this lawsuit.

There is no evidence in the record that Plaintiff submitted or attempted to submit any grievance aside from the October 19, 2019 grievance that concerned his claims in this lawsuit. While it appears Plaintiff's October 19, 2019 grievance fully exhausted available administrative remedies, the content of this grievance is not sufficient to exhaust the claims in this lawsuit against Defendants Fortag and Patton.

Grievances must contain factual details regarding each aspect of the inmate's complaint, including the name of each person who is the subject of or who is otherwise involved in the complaint.  ILCS § 504.810(c).  This condition, however, is tempered in that an offender who does not know the name of each person who is involved in the complaint may simply describe the individual with as much detail as possible.  *Id.*  The Seventh Circuit has interpreted this as requiring the inmate plaintiff to identify names only to the extent practicable.  *See Glick v. Walker*, 385 F. App'x 579, 582 (7th Cir. 2010).  Even when reading Plaintiff's October 19, 2019 grievance broadly, there is simply no indication he was grieving any action taken by a member of the medical staff.  Indeed, with regard to medical treatment, Plaintiff specifically indicated Lt. Wall refused his request for treatment and there is no mention of any other staff members involved in said denial. Thus, the institution would have had no reason to investigate or remediate any actions taken by Fortag or Patton in response to this grievance.  Because Plaintiff failed to identify or at least

describe these defendants and the issues in this lawsuit in his October 19, 2019 grievance, he did not exhaust the claims against Patton and Fortag.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Fortag and Patton (Doc. 94) is **GRANTED**. Plaintiff's claims against Fortag and Patton are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff proceeds in this action on the following claims:

Count One: Eighth Amendment claim of deliberate indifference against Lt. Wall, Officer Damron, Sgt. Groves, and C/O Kirkman for disregarding Plaintiff's requests for medical attention on or around October 6, 2019.

**IT IS SO ORDERED.**

**DATED: May 10, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**