IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASSIDY GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-1078- RJD |
| ) | |
| CHAD WALL, BRETT DAMRON, JAMES ) | |
| GROVES, and BRADLEY KIRKMAN ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants. Docs. 109 and 110. Plaintiff filed Responses. Docs. 124 and 125. As explained further, Defendants' Motion is GRANTED.

**BACKGROUND**

Plaintiff, formerly incarcerated within the Illinois Department of Corrections, filed this lawsuit pro se pursuant to 42 U.S.C. §1983. He alleged that on or around October 6, 2019, he was incarcerated in "house 5 of wing C" at Pinckneyville Correctional Center. Doc. 51, p. 20. Other inmates in house 5 of wing C started a fire, and ten minutes later Defendant Wall took notice. *Id*. Approximately 10-20 minutes passed before correctional officers, including Defendant Wall, extinguished the fire. *Id*., p. 22. Plaintiff yelled to Defendant Wall that he could not breathe and needed medical attention. *Id*., p. 23. Plaintiff was left in his cell, coughing and experiencing nausea, dizziness, light-headedness, and headache from the smoke and the chemical agent used to extinguish the flames. *Id*. Following the Court's threshold review conducted pursuant to 28

U.S.C. §1915(A), identification of John Doe Defendants, and resolution of the affirmative defense of administrative remedy exhaustion, Plaintiff proceeded on one Eighth Amendment claim of deliberate indifference against Chad Wall, Brett Damron, James Groves, and Bradley Kirkman (all current or former correctional officers).[1]  Docs. 21, 61, and 103.

Defendants filed their Motion for Summary Judgment on May 30, 2024.  Docs. 109-111. Nearly three months later, the Court ruled on several pending motions filed by Plaintiff prior to the filing of Defendants' summary judgment motion, including a "Motion for the Court's Acknowledgment" in which Plaintiff informed the Court that Defendants had failed to respond to pleadings and asked the Court "to move [the] proceeding forward."  Doc. 113.  The Court denied Plaintiff's "Motion for the Court's Acknowledgment", noting that Defendants had filed their Motion for Summary Judgment to which Plaintiff had not responded.  Doc. 113.  Five days later, Plaintiff filed a "Motion for Recruitment of Counsel" in which he informed the Court that he "endured significant injury" on June 29, 2024 (the date his response to Defendants' Motion for Summary Judgment was due) that left him hospitalized and requiring treatment at a skilled nursing facility.  Doc. 114.  Over the next two months, the Court entered multiple orders, extending the time for Plaintiff to respond to the summary judgment motion and directing the Clerk of Court to provide Plaintiff with a copy of the Motion and all corresponding exhibits; the Court also ordered Defendants to send copies of their written discovery and produced documents to Plaintiff.  Doc. 115, 119, 123.  The Court extended Plaintiff's response deadline to December 6, 2024.  Doc. 123.

Plaintiff filed Responses to the Motion for Summary Judgment on November 8, 2024.

---

[1] The Clerk of Court is directed to update the docket to reflect that the full and correct names of Defendant Damron, Groves, and Kirkman are Brett Damron, James Groves, and Bradley Kirkman.

Docs. 124 and 125. He stated in one of the Responses that he did not have adequate time to prepare the responses. Doc. 125, p.8. The Court entered another Order on November 12, 2024, reminding Plaintiff that his deadline to respond to the Motion for Summary Judgment was December 6, 2024 and if there were additional arguments Plaintiff would like the Court to consider, he could file a supplemental response on or before the December 6, 2024 deadline. Doc. 126. Plaintiff did not file any additional documents.

### Plaintiff's Deposition Testimony

Plaintiff was incarcerated at Pinckneyville Correctional Center from 2019 to 2021. Doc. 110-1, p. 7. Plaintiff was asleep in his cell "around lunchtime" on October 6, 2019. *Id*., pp. 8, 10, 11. He became very warm and developed a throbbing headache; he woke up to smoke in his cell and he was having trouble breathing. *Id*. In another cell, two inmates had started a fire. *Id*., pp. 18, 19. The ventilation was poor and it took officers approximately ten minutes to respond to the fire. *Id*., p. 9. Plaintiff was "yelling out to [Defendant] Wall specifically" to take him out of his cell so he could get medical treatment. *Id*., p. 10. Plaintiff was telling Defendant Wall "hey I can't breathe. I want medical." *Id*., p. 23. Defendant Wall never responded to Plaintiff. *Id*., p. 24. Plaintiff testified that Defendant Wall heard him yelling or talking. *Id*., p. 25. When asked multiple times how he knew that Defendant Wall heard him, Plaintiff objected, stating "that's a question for the jury." *Id*., p. 25-27.

Approximately five minute later, some nurses walked by and said "oh do you guys need help" but did not actually stop to help or treat anyone. *Id*., p. 21. Plaintiff was never evacuated from his cell. *Id*., p. 21.

Plaintiff further testified that Defendant Damron "heard" Plaintiff "yell[ing] out to [Defendant] Wall. *Id*., p. 29. However, Plaintiff objected when asked how he knew that

Defendant Damron heard him, again stating "that's more of a question for the jury." *Id*.   Prior to Defendants' counsel finishing her questions to Plaintiff, he became disconnected from the videoconference and did not return.   *Id*., pp. 30, 31.

## Affidavits by Defendants

Defendant Wall stated that the records of the October 6, 2019 fire indicate that it occurred in cell 77 of the R5 Housing Unit, C-Wing and records also reflect that Plaintiff was housed in Cell 57 of the R5 Housing Unit, C-Wing.   Doc. 117, ¶¶5, 6.   Cell 57 and Cell 77 are approximately 30-40 feet apart.   *Id*., ¶7.   Defendant Wall responded to the fire.   *Id*., ¶1. Because the smoke from the fire was "relatively minor", Defendant Wall did not need to wear a self-contained breathing apparatus.   *Id*.

Defendants Damron, Groves, and Kirkman also responded to the fire. Docs. 110-5 at ¶1, 110-6 at ¶1, and 110-8 at ¶1.   All Defendants state in their affidavits that medical staff also responded to "assess and do a wellness check on staff and offenders."   Docs. 110-5 at ¶3, 110-6 at ¶3, and 110-8 at ¶3, and 117 at ¶3.   None of the Defendants heard Plaintiff request medical treatment.   *Id*.   If they had heard him, they would have requested that medical staff perform a wellness check and assess his need for medical treatment.   Docs. 110-5 at ¶4, 110-6 at ¶4, 110-8 at ¶4, and 117 at ¶4.

## Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).   The moving party bears the initial burden of demonstrating the lack of any genuine issue of material

fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## Discussion

The Eighth Amendment "'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Brown v. Osmundson*, 38 F. 4th 545, 559-60 (7th Cir. 2022) (internal citations omitted). To succeed on his deliberate indifference claims, Plaintiff must "provide evidence, either direct or circumstantial" that shows (1) "he had an objectively serious medical need" (2) "which [the defendant] "[knew] of and disregard[ded] a substantial risk of harm." *Id*. at 550. Negligence or even recklessness does not constitute deliberate indifference; the defendant must have shown "something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Id*.

Here, there is no evidence to create a genuine issue of material fact regarding whether Defendants knew of and disregarded a substantial risk of harm to Plaintiff. While the jury could infer that Defendants were aware that Plaintiff and other inmates had been exposed to smoke, the undisputed statements in Defendants' affidavits reflect that medical staff was present for any inmate who needed medical treatment or evaluation. While Plaintiff's testimony indicates that the nurses were not helpful to him (or even perhaps ignored him), no evidence indicates that

Defendants were aware the medical staff was refusing, declining, or forgetting to treat any inmates (including Plaintiff).

Moreover, while Plaintiff was specifically calling to Defendant Wall for help, there is no evidence to suggest that Defendant Wall (or any other Defendant) was aware that Plaintiff was calling for medical help. Defendants specifically state in their affidavits that they did *not* hear him. Plaintiff presents no evidence from which the jury could infer otherwise. At most, the jury could infer that Defendants were negligent for failing to notice or hear that Plaintiff was calling for help. An isolated instance of neglect is not deliberate indifference. *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008).

Consequently, Defendants' Motion for Summary Judgment is GRANTED. Defendants are DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   March 11, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**