IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASSIDY GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-1078- RJD |
| ) | |
| CHAD WALL, BRETT DAMRON, JAMES ) | |
| GROVES, and BRADLEY KIRKMAN ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Reconsider (Doc. 129). Defendants responded (Doc. 130) and Plaintiff filed a Reply (Doc. 131). As explained further, Plaintiff's Motion is DENIED.

Plaintiff, formerly incarcerated within the Illinois Department of Corrections, filed this lawsuit pro se pursuant to 42 U.S.C. §1983. He alleged that on or around October 6, 2019, he was housed at Pinckneyville Corrections Center and other inmates started a fire that caused him breathing problems and a throbbing headache. Following the Court's threshold review conducted pursuant to 28 U.S.C. §1915(A), identification of John Doe Defendants, and resolution of the affirmative defense of administrative remedy exhaustion, Plaintiff proceeded on one Eighth Amendment claim of deliberate indifference against Chad Wall, Brett Damron, James Groves, and Bradley Kirkman (all current or former correctional officers). Docs. 21, 61, and 103. Plaintiff alleged that Defendants violated his Eighth Amendment rights through deliberate indifference to his breathing problems and throbbing headache following the fire.

Following discovery, Defendants filed a Motion for Summary Judgment, contending that no reasonable jury could find that they violated Plaintiff's Eighth Amendment rights. Docs. 109 and 110. The Court agreed that the record contained no evidence from which the jury could infer that Defendants were aware Plaintiff requested, but did not receive, medical attention following the fire. Doc. 127. Consequently, Defendants were entitled to summary judgment. *Id*.

A motion for reconsideration filed within 28 days of the final judgment is considered under Federal Rule of Civil Procedure 59(e). *Carter v. City of Alton*, 922 F.3d 824, 826, n. 1 (7th Cir. 2019). "Relief under Rule 59(e) is generally reserved for 'extraordinary cases'" and only awarded when it is clear "that the Court committed a manifest error of law or fact", or there is newly discovered evidence. *Reilly v. Will Co. Sheriff's Office*, 142 F.4th 924, 929 (7th Cir. 2025). A motion for reconsideration filed more than 28 days after the entry of judgment is considered under Federal Rule of Civil Procedure 60(b), which allows for relief from a judgment under certain circumstances, including a "mistake." Plaintiff's Motion to Reconsider is dated ten days after this Court entered judgment, but the Court received it and filed it thirty-six days after judgment was entered. Docs. 128 and 129. Regardless, Plaintiff's Motion does not reflect a "mistake" by the Court or a manifest error of law or fact.

Plaintiff argues that the Court gave "undue weight" to Defendants' affidavits and "less weight" to his "affidavit or verified complaints." Plaintiff did not present any affidavit to the Court, and the Court considered everything that Plaintiff said in his Complaint and deposition in the light most favorable to Plaintiff. Doc. 127, pp. 3-6. Considering that medical staff were present at the scene of the fire, nothing in the record (or inferences from the evidence in the record) reflects that Defendants were aware that the medical staff failed to evaluate and/or treat Plaintiff. Doc. 51, p. 24; Doc. 127, pp. 3-4. Plaintiff alleged in his Complaint that Defendant Damron heard

Page **2** of **4**

Plaintiff call for help, but presented no admissible evidence to support that allegation. Doc. 127, pp. 3-6. Plaintiff's Motion to Reconsider points to other court cases filed against Defendants, but again fails to identify any evidence that indicates Defendants were aware that Plaintiff was not treated for a throbbing headache and breathing issues following the fire at Pinckneyville on October 6, 2019.

Plaintiff argues that Defendants failed to produce "favorable" video footage of the events in question. It is unclear from either Plaintiff's pleadings or Defendants' response whether video footage exists, and even if it exists, whether it is favorable to Plaintiff. Regardless, Plaintiff had multiple opportunities to describe the events that occurred during and after the fire in question, and the Court presumes that the footage of those events would reflect Plaintiff's description.

Finally, Plaintiff contends that the Court erred in denying his requests for recruitment of counsel. Before Defendants filed their summary judgment motion, the Court considered multiple requests to recruit counsel for Plaintiff. The Court found that Plaintiff was able to understand and follow Court rules and orders, and all that was required of him was to describe the fairly straightforward events that occurred during and immediately after the fire on October 6, 2019. Docs. 43, 79, 102, 115. After Defendants filed their Motion for Summary Judgment, Plaintiff was involved in some type of accident and sustained serious injuries, but he nonetheless was able to file pleadings with the Court that cite to case law and the record. Docs. 115, 119, 122-25.

Overall, Plaintiff's Motion fails to establish the Court made a mistake or a manifest error of law or fact. The motion is therefore DENIED.

**IT IS SO ORDERED.**

**DATED: March 3, 2026**

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**